United States District Court
Southern District of Texas
**ENTERED**
October 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARCHIE HUNT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-3690 |
| § | |
| META PLATFORMS, INC., *et. al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Meta Platforms, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer (Document No. 9). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a matter involving alleged violations of the United States Constitution. Defendant Meta Platforms, Inc. ("Meta") is a corporation that builds and operates technologies including social media websites such as Facebook and Instagram. Plaintiff, Archie Hunt, contends he is a user of Facebook and Instagram. Plaintiff alleges that Meta deleted and blocked his Instagram and Facebook posts causing him "lost [sic] of earning, loss of earning capacity, damage to reputation in the past and future and mental anguish in the past and future."[1]

---

[1] *Plaintiff's Complaint*, Document No. 1 at 3.

Based on the foregoing, on August 7, 2025, Plaintiff filed suit in this Court pursuant to federal question jurisdiction asserting claims against Defendants Meta, Amazon, and the Central Intelligence Agency for alleged violations of his First and Eighth Amendment rights.[2] On September 8, 2025, Meta filed a motion to dismiss for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. Plaintiff has not responded to Meta's motion to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he

---

[2] The Court notes that Plaintiff does not specifically state a claim for violations of his Eighth Amendment rights. However, the Court construes the language of Plaintiff's Complaint liberally and will consider the merits of Plaintiff's apparent Eighth Amendment claim.

'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Meta moves to dismiss Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted and that the court lacks personal jurisdiction. Plaintiff did not respond to Meta's motion to dismiss, failing to rebut or offer evidence to counter Meta's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion to dismiss, the Court will consider, in turn, the merits of Plaintiff's claims against Meta. The Court construes all *pro se* filings liberally. *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007).

3

*1. Plaintiff's First Amendment Claim*

Plaintiff alleges that Meta "denied Plaintiff due process under the First Amendment protected free speech act."[3] Meta contends that the First Amendment is inapplicable here because Meta is a private corporation, not the government. Plaintiff offers no rebuttal.

The First Amendment prohibits the government from infringing on the freedom of speech. U.S. CONST. amend. I. Most pertinent here, "the Free Speech Clause prohibits only *governmental* abridgment of speech[,] the Free Speech Clause does not prohibit *private* abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (emphasis in original). Furthermore, "a private entity who provides a forum for speech is not transformed by that fact alone into a state actor." *Id.* (citing *Hudgens v. NLRB*, 424 U.S. 507, 520–21 (1976)).

Here, Plaintiff alleges that Meta violated their First Amendment right of free speech. In response, Meta contends that because they are not the government, the First Amendment does not apply. Plaintiff offers no rebuttal. A thorough review of the record reveals that Plaintiff fails to make any argument that the First Amendment applies to Meta, a private corporation. Based on the foregoing, and the Supreme Court's clear guidance that the First Amendment applies only when a government interferes with speech, the Court finds that Plaintiff's First Amendment claim against

---

[3] *Plaintiff's Complaint*, Document No. 1 at 1.

4

Meta fails to state a claim upon which relief can be granted, and thus, should be dismissed. The Court will now consider Plaintiff's Eighth Amendment claim against Meta.

*2. Plaintiff's Eighth Amendment Claim*

Plaintiff alleges what appears to be an Eighth Amendment Claim contending that Meta "has used a means of discrimination against NoNwords [sic] NoNw [sic] LLC as cruel and unusual punishment."[4] In response, Meta contends that Plaintiff's Eighth Amendment Claim fails under Federal Rule of Civil Procedure 12(b)(6) and should be dismissed. Plaintiff offers no rebuttal.

The Eighth Amendment prohibits "cruel and unusual punishments[.]" U.S. CONST. amend. VIII. The Fifth Circuit has made clear that the Eighth Amendment applies to "a sanction for criminal conduct." *Ingraham v. Wright*, 525 F.2d 909, 913 (5th Cir. 1976). To bring a claim under the Eighth Amendment, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment is inapplicable to deprivations by a private actor unless the private actor "[is] endowed by the State with powers or functions governmental in nature[.]" *Evans v. Newton*, 382 U.S. 296, 299 (1966).

---

[4] *Plaintiff's Complaint*, Document No. 1 at 3.

Here, Plaintiff appears to allege that Meta used discrimination to punish him in violation of his Eighth Amendment rights. In response, Meta contends that they are a private entity, and thus, are unable to violate Plaintiff's Eighth Amendment rights. Meta further contends that Plaintiff "does not allege that he committed a crime or was punished by the government[.]"[5] Given the Supreme Court's clear guidance that the Eighth Amendment applies to governmental actors, not private actors, the Court finds that Plaintiff's Eighth Amendment claim against Meta fails to state a claim upon which relief can be granted, and thus, should be dismissed.[6]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Meta Platforms, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer (Document No. 9) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims Meta Platforms, Inc., are **DISMISSED**.

---

[5] *Meta Platforms, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer*, Document No. 9 at 18.

[6] Considering the Court's finding that Plaintiff's First and Eighth Amendment claims against Meta fail to state a claim upon which relief can be granted, the Court declines to consider Meta's remaining arguments related to personal jurisdiction and Section 230 of the Communications Decency Act. To the extent that Plaintiff asserts additional claims against Meta that the Court has not expressly addressed, they are also dismissed for failure to state a claim upon which relief can be granted.

6

SIGNED at Houston, Texas, on this 10 day of October, 2025.

_____
DAVID HITTNER
United States District Judge